The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, AR 75501
Lindon Jacobs, Chairman Van Buren County Democratic Committee Route 3, Box 92 Clinton, Arkansas 72031
Dear Sirs:
This is to clarify a matter raised in two recent opinions issued by this office, Opinion Nos. 90-102 and 90-119. Opinion No.90-102 asked whether a former justice of the peace was entitled to place the title "justice" before his name on the ballot. Opinion No. 90-119 similarly asked whether a former municipal judge could use the appellation "judge" before his name. This office concluded in both instances that the practice would be questionable under A.C.A. 7-7-305(c) and clearly in violation of Canon 7B(1)(c) of the Arkansas Code of Judicial Conduct.
In each opinion, however, it was noted that the board of election commissioners had ultimate discretion to decide what was placed on the ballot. Support for this conclusion came from Opinion No.86-455 issued on September 18, 1986. A closer review of the applicable statutes and recent case law indicates a more detailed explanation is required.
While A.C.A. 7-7-305(c) allows a candidate to "add as a prefix to his name an abbreviation of any professional title which he has a legal right to use," no statute specifically names what entity is responsible for determining whether a candidate has a legal right to use a preferred title. A.C.A. 7-7-305(a) charges committees of the respective political parties with responsibility for printing primary ballots and A.C.A. 7-7-201(b) does allow political parties to adopt party rules for the conduct of elections when there is no applicable general election law. However, A.C.A. 7-5-207(b) only addresses ballot preparation by the board of election commissioners in general and special elections and then only speaks to eligibility determinations.
In a recent case, State v. Craighead County Bd. of Election Comm'rs, 300 Ark. 405, 779 S.W.2d 169 (1989), the Arkansas Supreme Court addressed the proper legal proceeding to challenge a candidate's eligibility and seek removal of the candidate from the general election ballot. Concluding that the answer was mandamus coupled with a declaratory judgment action, the Honorable Darrell Hickman, Justice, noting a concern for corrupt and partisan action, stated:
To allow the board [of Election Commissioners] to consider disputed facts, make findings, and act thereon, is to put it in the same posture as a judicial tribunal. The board, being a ministerial entity, simply does not have that power.
. . . The board may not exercise discretion or make findings of fact concerning the eligibility of a candidate. That determination may only be made by a court, and the court may then direct the board to either place the candidate's name on the ballot or remove it, as the case may be
300 Ark. at 410.
It is the opinion of this office that this same conclusion is partially compelled in the instant situation. While A.C.A.7-5-207(b) and 7-7-201(b) together, in all likelihood, would allow political parties to adopt party rules to address the determination of what professional titles candidates have a legal right to use in primary elections, no similar conclusion can be reached for boards of election commissioners in general and special elections. In the latter instance, any challenge to a claimed title must be resolved by a court of competent jurisdiction.